**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Ricardo Socorro Ortega<br><br>Debtor. | Case No. 25-17623 MER<br><br>Chapter 13 |

**ORDER DENYING MOTION TO REOPEN**

THIS MATTER comes before the Court on the Motion to Reopen Case and for Relief from Dismissal Order Under 11 U.S.C. §§ 349(b)(3) and 350(b), Fed. R. Bankr. P. 5010 and 9024, and Fed. R. Civ. P. 60(b)(6) ("**Motion**") filed by the Debtor.[1]

**BACKGROUND**

The Debtor commenced the instant bankruptcy case on November 20, 2025. On November 21, 2025, the Court issued a Notice of Deficiency for the Debtor's failure to file several documents required by § 521(a). The Notice advised the Debtor that failure to cure the deficiencies by December 4, 2025, would result in dismissal of the instant case. On December 19, 2025, the Debtor filed a motion requesting the Court extend the deadline to file the required § 521 documents. The Court granted that motion on December 23, 2025, and extended the deadline for the Debtor to file the required documents up to and including January 19, 2026. However, the Debtor failed to file the required documents by the deadline, and the Court dismissed the case pursuant to § 521(i). The Debtor went on to file two subsequent bankruptcy cases, one of which is currently pending before the Court.[2] Notwithstanding the case that is currently pending, the Debtor filed the instant Motion on October 14, 2026, asking that the instant case be reopened.

**ANALYSIS**

**A. Applicable Standard**

Section 350(b) provides that, "[a] case may be reopened in the court for which such case was closed to administer assets, to accord relief to the debtor, or for other cause." "Because the word 'reopened' used in § 350(b) obviously relates to the word 'closed' used in the same section, a bankruptcy case cannot be reopened unless it has

[1] ECF No. 41.

[2] Case Nos. 26-11486-MER and 26-15320-MER. Case No. 26-11486-MER was dismissed on May 21, 2026. Case No. 26-15320-MER is still pending.

been closed."[3] Indeed, a bankruptcy case that has been closed is different than one that was dismissed.[4] "Closing a case contemplates full estate administration and the completion of the bankruptcy process, whereas dismissing a case restores the assets and parties to their prepetition status, as if the case had never been filed."[5] Because § 350 only applies to closed cases, a dismissed case cannot be reopened under § 350(b).[6] However, a bankruptcy court may reopen a dismissed case if the movant can establish grounds exist to reopen it pursuant to Fed. R. Civ. P. 60(b) (incorporated by Fed. R. Bankr. P. 9024). Here, the instant case was dismissed. Therefore, § 350(b) does not apply, and the applicable standard for consideration of the relief requested by the Debtor is Rule 60(b).[7]

Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding on several grounds. Subsection (b)(6) operates as a catch-all provision, allowing a court to grant relief from a final order or judgment for any reason that justifies relief. The Rule does not particularize the factors that justify relief, but courts have generally held the rule provides courts with authority to vacate judgments whenever doing so is appropriate to accomplish justice, and that the situation must generally be one beyond the control of the movant.[8] Relief under Rule 60(b)(6) should be granted only in extraordinary circumstances.[9]

## B. The Debtor is not Entitled to Relief from the Dismissal Order

The Debtor has not provided any argument that would lead the Court to conclude the Dismissal Order should be vacated, and the case should be reinstated. Indeed, the only argument the Debtor seems to assert in the Motion is that payroll interruptions affected his ability to fund a Chapter 13 plan.[10] However, this does not explain why he

---

[3] *Waldo v. The Bank of New York Mellon Trust Co.*, 2021 WL 1293375, at *9 (D. Utah April 7, 2021) (citing *In re Mitchell*, 2012 WL 5995443, at *9 (10th Cir. BAP Dec. 3, 2012)) (internal quotations omitted).

[4] *Id.*

[5] *In re Mitchell*, 2012 WL 5995443, at *9.

[6] *Id.*; *Singleton v. Countrywide Home Loans, Inc. (In re Singleton)*, 358 B.R. 253, 257-58 (D.S.C. 2006).

[7] Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure unless expressly stated otherwise.

[8] *Lujan v. City of Santa Fe*, 122 F.Supp.3d 1215, 1233 (D.N.M. 2015) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)) ("The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning it should only be applied in 'extraordinary circumstances.'"); see *Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

[9] *U.S. v. Melot*, 712 Fed.Appx. 719, 721 (10th Cir. 2017).

[10] ECF No. 41, "Debtor asserts that the ability to fund the Chapter 13 case was materially affected by a payroll interruption associated with leave coding, duty status, system access, and payroll processing. Final causation must be determined from VATAS audit history, time-and-attendance certifications, payroll/ACH/FSC records, leave approvals, access logs, and management communications." The Debtor

failed to file the documents required by § 521(a), even after the Court granted him an extension of the deadline to do so. Furthermore, even if the Debtor had shown he is entitled to relief under Rule 60(b)(6), the Court could not reopen the case because a debtor cannot have two cases pending at the same time.[11] As such, the Court will not reopen the instant bankruptcy case.

## CONCLUSION

Given the above, the Court

ORDERS the Motion is DENIED. The Court

Dated October 30, 2026

BY THE COURT:



Michael E. Romero, Judge
United States Bankruptcy Court

also filed a document entitled "Facts, Law, Harm, and Relief" at ECF No. 67. However, this document does not appear to include arguments that support the relief requested in the instant Motion. The Court also notes the same document was filed in several other cased filed by the Debtor. Case No. 25-15320-MER at ECF No. 76; Case No. 26-11486-MER at ECF No. 67; Adv. Proc. No. 26-01246-MER at ECF No. 12.

[11] See *In re Montes*, 526 B.R. 397, 401 (D.N.M. 2015) ("Despite the lack of statutory or rule guidance, there is little dispute in the case law that a debtor may not file a second bankruptcy case before entry of the discharge order in the first case."); see also *In re Smith*, 85 B.R. 872, 873 (Bankr. W.D. Okla. 1988) ("If these debtors are permitted to maintain their second petition while a prior case is pending an easy avenue for abuse of the bankruptcy system would be sanctioned . . . There is simply no rule of law which would allow debtors to have two cases pending at the same time.").